**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4523**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVAN ERNESTO ARROYO PARRA,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:22-cr-00022-WO-1)

───────────────

Submitted:  August 3, 2023                    Decided:  November 7, 2023

───────────────

Before WYNN and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Chris W. Haaf, CHRIS HAAF LAW PLLC, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Ernesto Arroyo Parra pled guilty, pursuant to a written plea agreement, to possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court varied downward from a Sentencing Guidelines range of 210 to 262 months' imprisonment, sentenced Arroyo to 186 months' imprisonment, and imposed a lifetime term of supervised release. On appeal, Arroyo argues that the lifetime supervised release term is unreasonable because the district court considered his immigration status in imposing the lifetime term. Arroyo also raises an ineffective assistance of counsel claim based on counsel's failure to object to the lifetime term of supervised release. We affirm.

We generally review a criminal sentence, including a term of supervised release, for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). But, "[w]hen a criminal defendant presents a sentencing issue that was not properly preserved in the district court, we review the issue for plain error only." *United States v. Aplicano-Oyuela*, 792 F.3d 416, 422 (4th Cir. 2015). To succeed on plain error review, Arroyo must show that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Our review evaluates both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In examining procedural reasonableness, we ask whether the district court properly calculated the Guidelines range, gave the parties an opportunity

2

to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. "A court's sentencing rationale . . . can support both imprisonment and supervised release." *Aplicano-Oyuela*, 792 F.3d at 425.

The district court properly calculated the Guidelines range, which included a minimum five-year term of supervised release, noted that the maximum term of supervised release permitted was life, allowed Arroyo to respond after the court indicated that it was considering imposing a lifetime term of supervised release, and offered to continue sentencing if Arroyo wished. Arroyo opted to proceed. In explaining its chosen sentence, the court extensively reviewed the § 3553(a) factors, including Arroyo's family support and lack of prior criminal history, the serious nature of the offense and the danger that methamphetamine poses to the community, Arroyo's role in the distribution, and Arroyo's unlawful presence in the United States.

Further, the district court did not err by imposing supervised release to deter Arroyo's unauthorized reentry into the United States and to protect the public from additional drug trafficking. *See id.* at 424 (concluding "that the district court appropriately determined that imposing a term of supervised release . . . would provide an added measure of deterrence and protection for the community" when "the court made repeated references to its desire to deter [defendant] from illegally entering the United States for a fourth time and continuing his pattern of committing criminal acts"). And, because the present record does not conclusively show ineffective assistance, Arroyo's ineffective assistance of

3

counsel claim is not cognizable on direct appeal. *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020) (providing standard).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*